UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MAURICE LARRY DELEE

              PLAINTIFF

    - Against -

C.O. JOHN MATYAS

            DEFENDANTS

-----------------------------------------------------------------X

AMENDED COMPLAINT
1:20-cv-24 (RJA)

JURY TRIAL DEMANDED

      Plaintiff, Maurice Larry Delee, by his attorney, Lewis G. Spicer, complaining of the Defendant, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the First and Fourteenth Amendments to the Constitution of the United States, and the New York State Constitution.

2. The claim arises from an incident occurring on or about March 1, 2017, in which Defendant retaliated against Plaintiff for engaging in a protected activity, to-wit, commencing a lawsuit against other Correctional Officers.

## JURISDICTION & VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

5. The amount in controversy exceeds $75,000.00 excluding interest and cost.

6. Venue is properly laid in the Western District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. Plaintiff Maurice DeLee is a citizen of the United States and at all relevant times was an inmate within the New York State Department of Corrections and Community Supervision ("DOCCS").

9. Defendant, at all relevant times hereto, is or was a Corrections Officer employed by DOCCS at Gowanda Correctional Facility.

## JOINT LIABILITY

10. The action falls within one or more of the exceptions set forth in C.P.L.R. § 1602.

## FACTS

11. In 2009, Plaintiff commenced a lawsuit against DOCCS Correctional Officers.

12. The trial of this matter began on February 27, 2017 at the United States District Courthouse before the Honorable Frank P. Geraci.

13. In order to be closer to the Courthouse for trial, Plaintiff was transported from Cayuga Correctional Facility ("Cayuga") to Gowanda Correctional Facility ("Gowanda").

14. On February 27, Defendant was one of the CO's assigned to transport Plaintiff to the Courthouse.

15. While in a transport van taking Plaintiff from Gowanda to the United States District Court, he received verbal threats from Defendant.

16. Upon information and belief, Defendant knew that Plaintiff was being transported to the United States District Courthouse.

17. Upon information and belief, Defendant knew that Plaintiff had commenced a lawsuit wherein the defendants were employed by DOCCS as Corrections Officers.

18. On March 1, 2017, Plaintiff was to continue his testimony. That morning, while in the transport van at Gowanda, Defendant struck Plaintiff's head, causing his head to hit the interior of the van.

19. Plaintiff sustained bruising, cuts and bleeding on his head.

## FIRST CLAIM FOR RELIEF

## DEPRIVATION OF FIRST AMENDMENT RIGHT UNDER 42 U.S.C. § 1983

20. Plaintiff repeats and realleges each and every allegation set forth herein.

21. By commencing a lawsuit, Plaintiff was engaged in protected conduct.

22. By assaulting and/or striking Plaintiff in the head, Defendant engaged in adverse action.

23. Defendant was acting under color of state law in his authority as a DOCCS Correctional Officer.

24. There is a causal connection between Plaintiff's protected activity and Defendant's adverse action.

25. Plaintiff's protected activity was substantial and/or motivating factor in Defendant's adverse action.

26. Defendant's actions were done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution

27. As a result of Defendant's unlawful actions, plaintiff suffered physical injuries, as well as severe emotional distress, humiliation, and deprivation of his constitutional rights.

**WHEREFORE**, plaintiff respectfully request judgment against defendants as follows:

I. Compensatory damages against Defendant;

II. Damages for pain and suffering against Defendant;

III. Punitive damages against Defendant;

IV. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

V. Such other and further relief as this Court deems just and proper.

DATED:   September 21, 2023
         Syracuse, New York

_____
/s Lewis G. Spicer
(lspicer350)
Attorney for Plaintiff
121 East Water Street
Syracuse, New York 13202
T. (315) 460-6472
spicerlawoffice@gmail.com