UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MAURICE LARRY DELEE,

                          Plaintiff,

                                                            **DECISION AND ORDER**
            v.                                              **20-CV-24-A**

JOHN MATYAS,

                          Defendant.

_____

### **FACTS**

In August of 2023, this §1983 action was originally set for jury selection on September 25, 2023.  Dkt. 55. On September 25, 2023, with the trial scheduled to commence at 9:30 a.m., Plaintiff himself failed to appear. Though Plaintiff's counsel did appear, he could not explain Plaintiff's absence. The Court waited until 12:30 p.m. for Plaintiff to arrive; he never did.  Dkt. 75.  The jury pool which had been summoned to the Court that day for the trial, had to be discharged. *Id*. The Court ordered Plaintiff's counsel to show cause why the case should not be dismissed pursuant to Fed. Rule Civ. Pro. 41(b). *Id*.

On September 29, 2023, Plaintiff's attorney filed a memorandum indicating that the reason that Plaintiff failed to appear on the first day of trial was because he missed the bus to Buffalo from Syracuse.  Dkt. 76.[1]  Defendant responded requesting that the case be dismissed for failure to prosecute. Dkt. 78.  Following

---

[1] Notably, no affidavit or other declaration from Plaintiff was ever produced to explain while he failed to appear that day.

oral argument, this Court, on October 12, 2023, entered a text order denying Defendant's request that the case be dismissed, and a few days later, this Court, with its heavy criminal caseload, directed that the parties appear in April of 2024, to set a new trial date.  On May 20, 2024, the Court again set the matter for trial, with jury selection scheduled to commence on August 27, 2024, and trial to commence on August 28, 2024, at 9:30 AM.  Dkt. 88.  After setting a second trial date, the Court, in June of 2024, was advised that Defendant had been arrested, charged with murder, and was being held in New York State custody, outside the Western District of New York, in Onondaga County, New York.  Dkt. 90.  The Court was further advised that the Plaintiff's local incarceration would create considerable logistical difficulties for the United States Marshal's Service to secure his presence for trial. *Id*. Consequently, on June 18, 2024, this Court was once again forced to cancel a date previously reserved for trial of this lawsuit.  This time the adjournment was *sine die*, pending the resolution of the Plaintiff's murder prosecution.

Recently, the Court has learned that following a jury trial in New York State Court, Onondaga County in June of 2025, Plaintiff was found guilty, *inter alia*, of Murder in the Second Degree (intentional murder).  His sentence in New York State Court is currently pending.

## ANALYSIS

Solely and exclusively because of Plaintiff's own behavior, this Court has twice had to cancel previously scheduled trial dates in this case—the first time,

2

based upon his failure to appear on the first day of trial, the second time, based

upon the fact that he, during the pendency of this lawsuit, committed a murder.

Rule 41(b) of the Federal Rules of Civil Procedure "gives the district court

authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v.*

*Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash*

*R.R. Co.*, 370 U.S. 626, 630 (1962)).  As the Second Circuit has stated:

> "It is beyond dispute" under our precedent "that a district court
> may dismiss a case under Rule 41(b) when the plaintiff refuses to go
> forward with a properly scheduled trial." *Zagano v. Fordham Univ.*, 900
> F.2d 12, 14 (2d Cir.1990); see generally 9 Charles A. Wright & Arthur R.
> Miller, *Federal Practice & Procedure* § 2370, at 389–95 & nn. 35–36
> (3d ed. 2008) ("An action may be dismissed under Federal Rule 41(b) if
> the plaintiff, without offering some explanation that is satisfactory to the
> court, is not ready to present his or her case at trial or if the plaintiff
> refuses to proceed at the trial.").

*Lewis v. Rawson*, 564 F.3d 569, 580 (2d Cir. 2009). Indeed, as *Lewis* and other

precedent in this Circuit suggest, once a jury has been drawn a party's failure to

appear makes dismissal particularly appropriate. *Id.*, at 581 ("where a party fails to

appear or refuses to proceed with trial 'after the jury ha[s] been drawn,' dismissal

with prejudice may be particularly appropriate." (quoting *Theilmann v. Rutland*

*Hosp., Inc.*, 455 F.2d 853, 856 (2d Cir.1972)); *see also Michelsen v. Moore–*

*McCormack Lines, Inc.*, 429 F.2d 394, 395–97 (2d Cir.1970) (holding that district

court did not abuse its discretion where, after jury was selected, court denied

renewed motion for continuance to obtain presence of plaintiff and expert, and

dismissed case for failure to prosecute); *see generally* Judith S. Kaye, "Jury Reform:

A Work in Progress," 86 *Judicature* 147, 147 (2002) ("[W]e must be concerned with the quality of the jury experience for each person summoned to serve. We want jurors to experience a court system that works well, respects their time and their lives, and values their performance of this most vital civic duty.").

Here, Plaintiff bears the burden of proving his § 1983 claim by a preponderance of the evidence. While this Court previously gave Plaintiff the benefit of the doubt regarding his readiness and ability to present his case, in view of Plaintiff's subsequent conduct, this Court must reconsider Plaintiff's ability to proceed with his case. Yet even assuming *arguendo* that Plaintiff would and could proceed with his case were this Court, for the third time, to set a date for trial, this Court determines that other factors pertinent to its analysis dictate against doing so.

Specifically, in considering a Rule 41(b) dismissal, the Court "must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996)); *see also*, *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)(five foregoing factors sometimes referred to as "*Drake* factors"). Even where a plaintiff fails to comply with a court order that warns of possible

dismissal, "the court must still make a finding of 'willfulness, bad faith, or reasonably serious fault' " by evaluating these factors. *Baptiste v. Sommers*, 768 F.3d at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir.2013)).

First, Plaintiff's inability to proceed to trial has now stretched over 22 months. *See*, *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993) (noting that even where the trial delay is only ten days, the delay may be significant, because to excuse such a request would ignore the fact that when delays are "multiplied over and over for one reason or another in one case after another, as [they] surely [are] and would be once the bar realizes deadlines mean nothing, the net result is the build-up of a paralyzing backlog of pending cases."). This factor favors dismissal.

Second, Plaintiff was previously subject to a show cause order giving him clear notice that his case would be dismissed if he did not proceed with trial. Further, the relevance of this factor is limited in circumstances where the plaintiff did not appear for trial—particularly where plaintiff is represented—because it should be self-evident that the failure to appear at trial may result in dismissal. See *Lewis*, 564 F.3d at 577 (noting that *Drake* factors were "not particularly helpful" in analyzing whether dismissal was appropriate where plaintiff did not appear for trial). This factor also favors dismissal.

Third, Defendant has been prejudiced by the length of delay.  "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256. Courts have found that this factor weighs in favor of dismissal where a defendant was

prejudiced by the "undue inconvenience, cost and burden of repeatedly preparing" for trial "over and above the sheer cost of litigation." *Doe v. Winchester Bd. of Educ.*, 2017 WL 214176, at *9-10 (D. Conn. Jan. 8, 2017); *see also Henndeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (summary order) (district court reasonably concluded that further delay would be prejudicial to defendants where action had been pending for three years and concerned events more than five years in the past).  Here, Defendant has been prejudiced in two ways. First, Defendant has been prejudiced because his life was disrupted by preparing and appearing at trial. Second, Defendant has been prejudiced by the passage of time which increases the likelihood that Defendant or one of Defendant's witnesses may not remember or may misremember details of a brief incident that happened in 2017. This is particularly prejudicial in this case where Defendant's credibility will be central to the case. *See Weeks v. Filighera*, No. 20-CV-6721-FPG, 2023 WL 6200501, at *5 (W.D.N.Y. Sept. 22, 2023) (finding that defendant would be prejudiced by delay of "several months" because "the case turns on witness credibility regarding an event that occurred several years ago."). This factor also favors dismissal.

Fourth, this Court's interest in managing its busy docket is strong. The Court has a busy criminal calendar and the delay in this civil case has on several occasions disrupted the Court's docket and trial calendar.  Here, the Court has already lost out on two key trial calendar dates due to Plaintiff's conduct.  This factor also favors dismissal.

Finally, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tel. Co. v. Global NAPS Inc.*, 624 F.3d 123, 148 (2d Cir. 2010). In assessing this factor, courts have considered the plaintiff's past conduct throughout the litigation.  Again, based on his failure to appear at his two prior scheduled trial dates, this Court finds that any lesser sanctions would be ineffective.

While Plaintiff argues that Judge Geraci's relatively recent decision in *Weeks v. Filighera*, No. 20-CV-6721-FPG, 2023 WL 6200501 (W.D.N.Y. Sept. 22, 2023) ought to be controlling here, <u>see</u>, Dkt. 97, pp. 4-5,  this Court disagrees.

The plaintiff in *Weeks*, unlike Delee, advised the Court prior to the date scheduled for trial of the fact that he had been arrested and that there might be a problem proceeding with the scheduled trial date. Here, on September 25, 2023, the morning that trial was scheduled to commence, Plaintiff, without explanation, simply failed to appear. With a panel of prospective jurors having been summoned to Court and waiting in the jury assembly room, even Plaintiff's own attorney did not initially know where Plaintiff  was.  When it was eventually learned that he had missed his bus, the Court ordered Plaintiff to show cause why the case should not be dismissed. Dkt. 75.  This Court reluctantly agreed to allow the case to proceed, and eventually reset the trial date to August 27, 2024.

Within a month of setting that second trial date, the Court was advised that Plaintiff after failing to appear for his first trial had been charged with the intentional murder of a woman who was killed in Syracuse, New York on October 23, 2023.

Plaintiff was indicted on murder and other charges and placed in local custody.  The Court further was advised that Plaintiff's detention in local custody (as opposed to either his federal detention or detention by the New York State Department of Corrections and Community Supervision [NYS DOCCS])  created significant logistical hurdles for the United States Marshal's Service in securing his presence for trial in this District. Dkt. 90. Thus, Plaintiff, unlike Mr. Weeks, has already received two bites at the trial apple. Each time, Plaintiff's own conduct alone prevented this Court from proceeding with trial as scheduled—further choking this Court's very busy and congested docket.  Indeed, but-for his indolent conduct in oversleeping on the first date set for trial and his intentional conduct—having failed to appear for his first trial— of murdering a woman while awaiting a second trial, the trial of this matter would have long-ago been completed.

The Plaintiff's commission of an intentional murder while awaiting the second date for trial set by this Court—such second trial date having been necessitated by Plaintiff's failure to appear at his first trial date—distinguishes this case from *Weeks* and, in this Court's view, evinces Plaintiff's "willfulness, bad faith, [and] reasonably serious fault" such that dismissal for failure to prosecute is warranted.  <u>See</u>, *Baptiste v. Sommers,* 768 F.3d at 217 (before dismissing a case for failure to prosecute, "the court must still make a finding of 'willfulness, bad faith, or reasonably serious fault'"). While the Court has undoubtedly recognized that dismissal with prejudice "has harsh consequences for clients, who may be blameless," <u>see</u>, *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir.2013), Plaintiff's conduct, having twice failed

8

to appear for trial and having been convicted of committing a vicious murder in the interim, is the antithesis of blameless. Considering the lengths of the delay occasioned by Plaintiff's conduct, the fact that Plaintiff received prior notice that the Court was considering dismissal of his case when he first failed to appear at the outset of his trial after the jury had already been summoned, the prejudice suffered by Defendant as a result of the delay, and the deleterious effect that Plaintiff's indolent and intentional behavior have had on this Court's docket, the Court determines that dismissal is appropriate.

Finally, the Court notes that the performance of Plaintiff's *pro bono* attorney, Lewis G. Spicer, Esq., has been exemplary throughout the course of this case. While the Court recognizes and appreciates Mr. Spicer's tremendous efforts on behalf of his client, those efforts cannot save Plaintiff from the consequences of his own actions.

## <u>CONCLUSION</u>

Accordingly, the Plaintiff's complaint is **DISMISSED** with prejudice, and the Clerk of Court is directed to close the case.

**SO ORDERED**.

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: August 27, 2025
          Buffalo, New York